ADAM WANG, Bar No. 201233
ADAM PEDERSEN, Bar No. 261901
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 708
San Jose, CA 95113
Tel: 408-292-1040
Fax:  408-416-0248

Attorney for Plaintiffs
JUAN ANTONIO SANTIAGO, JOSE ANTONIO PEDRIZCO AVALOS, DANIEL VASQUEZ, IGNACIO ZUNIGA, SANTOS MARQUEZ, ERASMO VARILLAS NEGRETE, JOSE LUIS JIMENEZ MEDINA, DAVID PAREDES, and RIGOBERTO LOPEZ

UNITED STATES FEDERAL COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN ANTONIO SANTIAGO , JOSE ANTONIO PEDRIZCO AVALOS, DANIEL VASQUEZ, IGNACIO ZUNIGA, SANTOS MARQUEZ, ERASMO VARILLAS NEGRETE, JOSE LUIS JIMENEZ MEDINA, DAVID PAREDES, and RIGOBERTO LOPEZ<br><br>    Plaintiffs,<br><br>    vs.<br><br>REGIS HOMES OF NORTHERN CALIFORNIA INC., CAPAZ FRAMING LLC, ANTHONY CAMERON, and DOES 1-100<br><br>    Defendants | Case No: C09-00480 RMW<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES, FORCLOSURE OF MECHANICS LIEN, AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Business and Professions Code Section 17200;<br>4) Violation of California Labor Code Section 226.7;<br>5) Violation of California Labor Code Section 201; and<br>6) Violation of California Labor Code Section 226.<br>7) Violation of California Labor Code Section 1197; and<br>8) Liquidated Damages Under California Labor Code Section 1197.<br>9) Foreclosure of Mechanics' Liens |

Plaintiffs, JUAN ANTONIO SANTIAGO, JOSE ANTONIO PEDRIZCO AVALOS, DANIEL VASQUEZ, IGNACIO ZUNIGA, SANTOS MARQUEZ, ERASMO VARILLAS NEGRETE, JOSE LUIS JIMENEZ MEDINA, DAVID PAREDES, RIGOBERTO LOPEZ, allege as follows:

FIRST AMENDED COMPLAINT - 1

# NATURE OF CLAIM

1. This is an action on behalf of JUAN ANTONIO SANTIAGO, JOSE ANTONIO PEDRIZCO AVALOS, DANIEL VASQUEZ, IGNACIO ZUNIGA, SANTOS MARQUEZ, ERASMO VARILLAS NEGRETE, JOSE LUIS JIMENEZ MEDINA, DAVID PAREDES, RIGOBERTO LOPEZ, employed on an HOURLY basis by Defendants, CAPAZ FRAMING LLC, ANTHONY CAMERON, and DOES 1-10 for some time during the last four years prior to the filing of this Complaint, seeking damages arising from their employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages for missed meal/rest period premiums, waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, damages and penalties for failure to pay minimum wage under California Labor Code Section 1197, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

# PARTIES

2. At all times relevant herein, Plaintiffs resided in SANTA CLARA COUNTY, CA.

3. At all times relevant herein, Defendant CAPAZ FRAMING LLC (CAPAZ FRAMING), is a limited liability company registered in the state of California with its primary place of business in SANTA CLARA COUNTY, CA.

4. At all times relevant herein, Defendant REGIS HOMES OF NORTHERN CA INC., is a California Corporation who was the primary contractor, developer and owner of new

housing projects worked on while employed by Defendants ANTHONY CAMERON and CAPAZ FRAMING LLC.

5. Individual Defendants ANTHONY CAMERON, and DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of CAPAZ FRAMING having control over the Plaintiffs' work conditions and work situations.

6. Defendants Does 11 to 100 are individuals or entities holding some right, title, or interest in or to certain building parcel that superior or inferior to Plaintiffs' mechanics' liens.

## JURISDICTION

7. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331 as Plaintiffs charges are based on, in part, the Federal Fair Labor Standards Act, as well as the pendant jurisdiction of this court under 28 U.S.C. 1367.

## VENUE / INTRADISTRICT ASSIGNMENT

8.  This District is the proper venue and the SAN JOSE of this District is proper for this action as a substantial part, if not all, of the events giving rise to this action have occurred in SANTA CLARA COUNTY, CA, a county served by this Division of the Court.

## GENERAL ALLEGATIONS

9. For certain periods, to be determined at trial, during the four years prior to the filing of this action, Plaintiffs worked at CAPAZ FRAMING, a  doing business in SANTA CLARA COUNTY, CA.

10. Plaintiffs were, according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

11. During the course of Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

12. Plaintiffs were paid on an HOURLY basis.

13. Plaintiffs job duties did not require performance of "exempt" duties with Defendants and thus did not subject Plaintiffs to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs did not have even marginal responsibility for management or administrative functions, and performance of Plaintiffs' primary job duties did not require the exercise of independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of Plaintiffs' working time.

14. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of Defendants where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of Defendants.

## COUNT ONE

## VIOLATION OF CA LABOR CODE SECTION §510

## FAILURE TO PROPERLY PAY OVERTIME WAGES

15. Plaintiffs re-allege and incorporate paragraphs 1-12 as if fully stated herein.

16. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by CAPAZ FRAMING, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

17. During the course of employment with CAPAZ FRAMING, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however the Defendants knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

18. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

19. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

20. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

21. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

22. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

## COUNT TWO

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 1197

## FAILURE TO PAY MINIMUM WAGE

23. Plaintiffs re-allege and incorporate paragraphs 1-21 as if fully stated herein.

24. Labor Code Section 1197 provides that it is unlawful pay less than the minimum wage established by law.

25. At certain times relevant herein, the applicable Industrial Welfare Commission Wage Order, provided for payment of certain minimum wage.

26. Under the provisions of the Wage Order referred to above, Plaintiffs should have received such minimum wage for hours worked during the period employed with CAPAZ FRAMING, but received a wage which fell below this minimum level in an exact amount to be determined at trial.

27. Defendants therefore must pay to Plaintiffs the difference between the amount of wages earned pursuant to the Wage Order and the amount actually paid to Plaintiffs, in an amount to be determined at trial.

28. Defendants have failed and refused and continues to fail and refuse to pay Plaintiffs the amount owed.

29. Defendants' failure to pay Plaintiffs the sums required by the applicable Wage Order violates the provision of Labor Code Section 1197 and is therefore unlawful.

30. Therefore, Defendants must pay to Plaintiffs minimum wages owed pursuant to California Labor Code § 1194, and additional liquidated damages equal to the unpaid minimum wage pursuant to California Labor Code § 1194.2, in amounts to be determined at trial.

31. Pursuant to Labor Code Section 1194(a), the court should award to Plaintiffs reasonable attorney's fees and costs incurred in this action.

## COUNT THREE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PROPERLY PAY OVERTIME WAGES

32. Plaintiffs re-allege and incorporate paragraphs 1-30 as if fully stated herein.

33. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered under FLSA.

34. The FLSA, 29 U.S.C. § 206 & 207 require all employees to be paid minimum wage and overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

35. Although not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work without paying required minimum wage

and required overtime rate for hours in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

36. By not paying minimum wages and overtime wages in compliance with the FLSA, Defendants, violated Plaintiffs' rights under the FLSA.

37. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

38. Defendants intentionally, with reckless disregard for the responsibilities imposed by the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus making Defendants liable to Plaintiffs for liquidated damages in an amount equal to lost minimum wages and overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

39. Defendants therefore must pay to Plaintiffs minimum wage and overtime amounts heretofore not properly paid to Plaintiffs, in an amount to be determined at trial.

40. It was essential for Plaintiffs to retain legal assistance in order to bring this action and, as such, Plaintiffs should be awarded reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT FOUR

## VIOLATION OF CA LABOR CODE § 226.7

## FAILURE TO PROVIDE REST/MEAL PERIODS

41. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-39 as if fully restated hereinafter.

42. At all relevant times herein, Plaintiffs' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, and a fifteen-minute rest period for every four hours worked, unless expressly exempted.

43. During Plaintiffs' employment with CAPAZ FRAMING, Plaintiffs worked at least 5 hours a day, without the provision of a meal break or breaks as required by law.

44. For each time that the Plaintiffs did not receive the required meal/rest period, the Plaintiffs under the CA Labor Code should receive an additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

45. Defendants must therefore pay to Plaintiffs, in an amount to be proven at trial, an additional hour's pay for each meal/rest period that Defendants failed to provide.

## COUNT FIVE

## VIOLAITON OF CA LABOR CODE SECTION 201

## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

46. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-44 as if fully stated herein.

47. At the time Plaintiffs' employment with CAPAZ FRAMING was terminated, Defendants owed Plaintiffs certain unpaid overtime wages in amounts to be determined at trial.

48. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

49. As of this date, Defendants have failed and refused, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

50. Pursuant to Labor Code Section 218.6, Plaintiffs request that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT SEVEN

## UNFAIR BUSINESS PRACTICES

## BUSINESS AND PROFESSIONS CODE SECTION 17200

51. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-49 as if fully stated herein.

52. At all times relevant herein, Plaintiffs' employment with CAPAZ FRAMING was subject to the FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid minimum wage, overtime for work performed in excess of forty hours per week or eight hours per day, and missed meal premiums unless specifically exempted by law.

53. At all times relevant herein, as the employer of Plaintiffs, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §§17000 et seq.), but failed to pay the Plaintiffs wages as required by applicable California Labor Code and applicable Wage Orders, as alleged above.

54. During the period of Plaintiffs' employment with Defendants, Defendants failed, as alleged above, to pay Plaintiffs legally required wages and premiums to which they were legally entitled, with Defendants unjustly retaining the amounts that should have been paid to Plaintiffs.

55. In doing so, Defendants violated the FLSA, California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses who are and/or were competitors of Defendants.

56. As a direct and proximate result of Defendants' violations of applicable state and federal labor laws, as alleged above, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

57. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs wages due.

58. Plaintiffs, having been illegally deprived of the minimum wage, overtime pay and missed meal premiums to which they were legally entitled, to extent respective wage claims apply to each Defendant, each Defendants should make restitution of such wages pursuant to the Business and Professions Code §17203 in respective amounts to be determined at trial.

## COUNT EIGHT

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

## INADEQUATE PAY STATEMENTS

59. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-57 as if fully stated herein.

60. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

61. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of

either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

62. During the course of Plaintiffs' employment, Defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

63. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

64. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

65. Plaintiffs may therefore recover the greater of actual damages or penalties due to Defendants' failure to provide proper records, in an amount to be determined at trial.

66. Plaintiffs incurred costs and fees in bringing this action, and such costs should be awarded to Plaintiffs under California Labor Code §226.

## COUNT NINE

## FORECLOSURE OF MECHANICS LIEN

67. Plaintiffs incorporate herein by reference paragraphs 1-65.

68. On 1/9/2009 Plaintiffs JUAN ANTONIO SANTIAGO, IGNACIO ZUNIGA, SANTOS MARQUEZ, ERASMO VARILLAS NEGRETE, JOSE LUIS JIMENEZ MEDINA, DAVID PAREDES, RIGOBERTO LOPEZ duly recorded a verified Mechanics' Lien Claims, describing the building parcel and the labor, furnished on the work of improvement, at Gables End, Mountain View, 1925 Cambridge Drive, Mountain View, CA 94043 in Santa Clara County, California, in accordance with the provisions of Civil Code section 3084.

69. The cost of recording the Mechanics' Lien Claim was $91.00.

70. No value of labor for which Mechanics' Lien Claims have filed, and no part of costs of recording the said Mechanics' Lien Claims which has been repaid, and n

71. Each named defendant claims some right, title, or interest in or to the building parcel, each of which claim is junior and inferior to the above Plaintiffs' claims.

72. According to information and belief and information, Defendants Does 11-100 whose identities are unknown to Plaintiffs are lenders or some other persons holding some right, title, or interest in or to the building parcel superior or inferior to that of Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

73. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages and minimum wages in an amount to be determined at trial;

74. For liquidated damages for failure to pay minimum wage pursuant to California Labor Code Section 1194;

75. For unpaid overtime under CA Labor Code Section 510 in an amount to be determined at trial;

76. For liquidated damages per FLSA equal to unpaid overtime wages in an amount to be determined at trial;

77. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

78. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

79. Damages for missed meal times in violation of California Labor Code §226.7 in an amount to be determined at trial;

80. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

81. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

82. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

83. For costs incurred in filing the verified Mechanics' Lien Claims;

84. For an amount certain to be proved at trial, together with attorney fees, costs of suit and interest, be ordered as a lien against the building parcel, senior and superior to any claim of right, title or interest in or to the real property of any named defendants herein;

85. For an order directing that the real property be ordered sold by the Sheriff of appropriate counties in California, according to law, and that all proceeds of sale be applied to Plaintiffs' claims and to the cost of these proceedings and the sale of the real property;

86. For costs of suit herein; and

87. For such other and further relief as the Court may deem appropriate.

Dated:  April 5, 2009                          By:  /s/ Adam Pedersen
                                                    Adam Pedersen
                                                    Attorney for Plaintiffs